**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JULIE CAROLINA JOHNSON,    :
                                   : Civil Action No. 12-7653 (NLH)
        Plaintiff,    :
                                   :
        v.            : **OPINION**
                                   :
MAYS LANDING SHERIFF'S     :
DEPARTMENT, et al.,        :
                                   :
        Defendants.   :

**APPEARANCES:**

    JULIE CAROLINA JOHNSON, Plaintiff pro se
    #21036
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

    Plaintiff, Julie Carolina Johnson, a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time she filed this Complaint, seeks to bring this action *in forma pauperis*. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

## I.   BACKGROUND

Plaintiff, Julie Carolina Johnson ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants, the Mays Landing Sheriff's Department and an unidentified Sheriff's Officer.  (Complaint, Caption, ¶¶ 4b, 6.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on or about November 5, 2012, she was getting off the van upon her return to the Atlantic County Justice Facility ("ACJF").  Plaintiff alleges that there was snow on the ground, that she was handcuffed and shackled, and that she asked the Sheriff's Officer for assistance on disembarking from the van.  The Sheriff's Officer was putting on his gloves, so Plaintiff stepped off the van and fell on her

back and left shoulder. The Sheriff's Officer was still putting on his gloves while Plaintiff was on the ground. Plaintiff alleges that the officer only offered Plaintiff assistance when others around them asked if he was going to help the Plaintiff. (Complaint, ¶ 6.)

Plaintiff also alleges that she requested medical attention at ACJF for her injuries from the fall. She was told to put in a medical slip, which she did, and would receive help in a day or two. Plaintiff alleges that she was seen in the medical department two days later. She was given pain medication and muscle relaxers for a swollen right shoulder. (Compl., pg. 7 at § II.F.)

Plaintiff seeks an unspecified amount in compensatory money damages for injuries. (Compl., ¶ 5.)

II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

3

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Notably, the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  In other words, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676).  *See also Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for

4

well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, *Iqbal*, 556 U.S. at 679).

This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  In determining the sufficiency of a pro se complaint, however, the Court must be mindful to construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

Finally, the Third Circuit recently cautioned that *Twombly* and *Iqbal* "do not provide a panacea for defendants," rather, "they merely require that plaintiff raise a 'plausible claim for relief.'"  *Covington v. International Association of Approved Basketball Officials*, ___ F.3d ___, 2013 WL 979067, *2 (3d Cir. March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679).  Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'"

5

*Covington, supra* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). See also *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### IV.   DISCUSSION

A. Slip and Fall Claim

The allegations in the Complaint amount to nothing more than a claim of negligence on the part of the Sheriff's Officer based on Plaintiff's slip and fall from exiting the bus.  The

6

Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). Accordingly, this claim must be dismissed for failure to state a cognizable claim under § 1983.

Moreover, the named defendant, Mays Landing Sheriff's Department should be dismissed from this action, because as a local government unit, it is not liable pursuant to 42 U.S.C. § 1983, solely under a theory of *respondeat superior*. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n. 8 (1985); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91, 694 (1978)(municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Most recently, the Third Circuit reaffirmed that a municipality "may not be held liable for constitutional torts under § 1983 on a vicarious liability theory rooted in respondeat superior ... but it can be held responsible when the injury inflicted is permitted under its adopted policy or

custom."[1]  *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013)(citation omitted; internal quotation marks omitted); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)("When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978))).  In other words, in order to state a claim for § 1983 municipal liability, Plaintiff must have pled a policy or custom of the Mays Landing Sheriff's Department that led to the alleged slip and fall incident, or delay of medical care as discussed in the next section of this Opinion.

Here, Plaintiff's Complaint is facially insufficient in this regard.  The Complaint includes no allegation, or even suggestion, that the Mays Landing Sheriff's Department had a policy or custom that controlled any of the individual decisions or incidents related to Plaintiff's allegations of wrongdoing by the Sheriff's Officer.  Thus, based on this pleading deficiency alone, Plaintiff has failed to state a claim against the Mays

---

[1] Thus, to the extent that Plaintiff argues that the Mays Landing Sheriff's Department should be liable under a simple theory of *respondeat superior*, that claim fails as a matter of law.

Landing Sheriff's Department for vicarious liability under § 1983. *See Mulholland*, 706 F.3d at 238 ("[T]o establish municipal liability under § 1983, [a plaintiff] must show that they were deprived of 'rights, privileges, or immunities secured by the Constitution and laws,' and that the deprivation of those rights was the result of an official government policy or custom.").

B.  <u>Delay of Medical Treatment Claim</u>

Next, it would appear that Plaintiff may be asserting a denial or delay of medical care claim based on her allegations that she waited two days for treatment of her injured shoulder from the slip and fall accident. It would appear that Plaintiff was a pretrial detainee at the time of the incident, and as such, her denial of medical care claim would be examined under the Fourteenth Amendment's Due Process Clause. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); *Hubbard v Taylor* ("*Hubbard I*"), 399 F.3d 150, 158 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 n. 9 (3d Cir. 2000); *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 n. 31 (3d

Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). *See also Montgomery v. Ray*, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in *Bell v. Wolfish*, 441 U.S. 520 ... (1979); *i.e.*, whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt ....")(citing *Hubbard I*, 399 F.3d at 158). In *Hubbard I*, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. 399 F.3d at 165-67.

Thus, in assessing a medical care claim by a pretrial detainee, the inquiry is whether the treatment or denial of treatment was "imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. at 538. "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The same standard applies to claims of inadequate medical care by pre-trial detainees. *Natale v. Camden Cnty. Correctional Facility*, 318

F.3d 575, 581 (3d Cir. 2003); *Brown v. Deparlos*, 492 Fed. Appx. 211, 214 (3d Cir. July 2, 2012).

In this case, it is plain that Plaintiff was treated for her swollen shoulder with pain medications and a muscle relaxer. Rather, it would seem that Plaintiff takes issue with the two-day delay in treatment. She does not allege, however, that the delay in treatment was for a non-medical or punitive purpose. Plaintiff also does not allege that she suffered a permanent disability or other allegations that would indicate a serious medical condition that would require immediate attention.[2]

---

[2] The Court notes that it may be possible that Plaintiff could amend her Complaint to allege that the two-day delay in treatment was punitive in nature and done with deliberate indifference. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)("[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.")(citations omitted). Thus, even a few days' delay in addressing a severely painful but readily treatable condition may suffice to state a claim of deliberate indifference. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009)(state employees could be liable for four-day delay in treating prisoner who complained that his IV was causing him serious pain); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008)(guards could be liable for delaying treatment of broken nose for 1½ days); *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007)(plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a claim, reversing the district court's dismissal); *see also Skladany v. Provanzano*, 2012 WL 1981824, *5 (D.N.J. June 1, 2012); *accord Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(holding that a court may only find deliberate indifference where the prison official delays medical treatment based on a non-medical reason or prevents a prisoner from receiving recommended medical care). At this pleading stage, however, Plaintiff has not made any allegations that the delay was for non-medical reasons.

Consequently, the allegations of the Complaint do not rise to the level of a constitutional violation, and the claim will be dismissed without prejudice for failure to state a claim at this time, pursuant to 28 US.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[3]

### V. CONCLUSION

For the reasons set forth above, Plaintiff's slip and fall negligence claim will be dismissed with prejudice for failure to state a cognizable claim under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Finally, Plaintiff's delay of medical care claim will be dismissed without prejudice, in its entirety as against all defendants, for failure to state a claim at this time.  An appropriate order follows.

                                  s/ Noel L. Hillman
                                  NOEL L. HILLMAN
                                  United States District Judge

At Camden, New Jersey

Dated: April 29, 2013

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990)(footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*